WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Carolyn Bledsoe, | No. CV-18-02863-PHX-RCC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| LHC Group Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiff Carolyn Bledsoe's Motion for Leave to File Amended Complaint (Class Action and Collective Action). (Doc. 28.) Plaintiff seeks amendment to correct her initial allegation that Defendant classified its home health Clinicians as overtime exempt to state that Defendant classified its Clinicians as "non-exempt." (Doc. 28-1 at 4.)

Defendant filed a response (Doc. 31), arguing the proposed Amended Complaint (Doc. 28-1) is futile because it would be immediately subject to dismissal for failure to state a claim on which relief can be granted under the Ninth Circuit pleading standards for Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") claims. (Doc. 31 at 5.) Plaintiff filed a Reply. (Doc. 32.)

The Court will grant Plaintiff's Motion for Leave to File Amended Complaint.

**I.   PLEADING STANDARDS FOR FLSA CLAIMS**

A plaintiff is required to give a short and plain statement of the grounds for the

Court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief sought. Fed.R.Civ.P. 8(a)(1-3). However, the Supreme Court later expanded on those requirements. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must also be more than "a formulaic recitation of the elements of a cause of action"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a claim must be supported by more than "mere conclusory statements.") The Ninth Circuit created another condition, specifically for FLSA claims, that the petitioner describe a given workweek in which the FLSA was violated. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2015). Under *Landers*, a plaintiff may still "establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid . . . or any other facts that will permit the court to find plausibility," but some description of a workweek must be given. *Id.* at 645.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner states that she wants to amend her Complaint "to allege that although Plaintiff and other similarly situated home health Clinicians were considered 'non-exempt' and eligible for overtime pay, Defendant nevertheless failed to pay them 1 ½ times their regular rate of pay for recorded hours worked in excess of forty per workweek . . . in violation of the FLSA." (Doc. 28 at 3.)

Defendant contends the Court should deny the amendment because the pleaded facts are insufficient to state a claim under the heightened pleading standards of *Landers*. *Landers* at 644; (Doc. 31 at 6.) Defendant alleges that the amendment is futile under the *Landers* standard and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief may be granted. Moreover, Defendant suggests that Plaintiff's amendment is without evidentiary support. (Doc. 31 at 2.) Defendant alleges Plaintiff incorrectly assumed that Defendant classified Plaintiff Bledsoe and other similarly situated employees as exempt when they are "non-exempt," and that Plaintiff's payroll history and pay stubs "should have been available to Plaintiff's counsel before ever filing the original

Complaint." (Doc. 31 at 2-4.)

Plaintiff addresses Defendant's futility argument by including additional facts within her Reply in Support of Her Motion for Leave to File Amended Complaint. (Doc. 32.) Plaintiff includes a supplementary paragraph which would fulfill the requirements of the *Landers* FLSA pleading standard. (Doc. 32 at 4.) Plaintiff states that she was not previously able to provide an example of a workweek in which the FLSA was violated because Defendant did not submit information in a timely manner as required by Court order. (Doc. 4); (Doc. 32 at 6-7.) Plaintiff further claims that she did not have access to her payroll history and pay stubs due to the Defendant's restriction of her access to Defendant's online portal. (Doc. 32. at 6.)

Under the General Order for Notice to the Parties of Mandatory Initial Discovery Pilot (MIDP) Project in the District of Arizona, both parties to this litigation were required by the Court "to provide mandatory initial discovery responses." (Doc. 4 at 4.) Each party was ordered to "[l]ist the documents, electronically stored information ('ESI'), tangible things, land, or other property known by [it] to exist, whether or not in [its] possession, custody or control, that [it] believe[d] may [have been] relevant to any party's claims or defenses." *Id*. at 7.

Plaintiff outlines the timeline of discovery thus far, stating that Defendant did not disclose certain evidence regarding Plaintiff's compensation until March 25, 2019, five months after Defendant's Answer was filed on October 22, 2018. (Doc. 13.) Plaintiff also states she did not have access to her payroll history and pay stubs through Defendant's online portal because Plaintiff's access to that information was restricted by Defendant when her employment ended in July 2018. (Doc. 32 at 6.) Plaintiff maintains she therefore could not have amended her complaint to cure this deficiency within 21 days of serving her original complaint, allowable as a matter of course under Fed. R. Civ. P. 15(a)(1)(A). With the information disclosed in March, Plaintiff asserts she can now provide an example of a given work week in which she alleges she was not adequately compensated for overtime. (Doc. 32 at 4.)

### III. DISCUSSION

The Ninth Circuit affirmed the lower court's dismissal of petitioner's claims in *Landers*. *Landers* at 646. However, the court wrote that it would have remanded the case back to the lower court and given the plaintiff leave to amend his complaint but that he expressly elected to "stand on his claims as alleged." *Id*. In contrast, Plaintiff Bledsoe is making a concerted effort to cure the deficiencies of her complaint. Plaintiff included in her Reply (Doc. 32) additional facts "demonstrating there was at least one workweek in which Plaintiff worked in excess of forty hours and was not paid proper overtime wages, as required under *Landers*." (Doc. 32 at 4.) Plaintiff claims these facts were gleaned from Defendant's recent discovery response. *Id.*

Plaintiff alleges the defects in her complaint are due to Defendant's control of relevant material. As the court in *Landers* pointed out, "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." *Landers* at 645. The employment documents upon which Plaintiff has based her Amended Complaint would be considered relevant to Plaintiff's claims, and Defendant should have produced those documents within 30 days of filing its responsive pleading on October 22, 2018, as is compulsory under the MIDP. (Doc. 4 at 5.) Defendant's disregard of this General Order further delayed Plaintiff's ability to cure the deficiencies of her complaint.

### IV. LEAVE TO AMEND

Leave to amend should be granted "freely when justice so requires." Fed.R.Civ.P. 15(a)(2). The Court should grant leave to amend in the absence of a reason to deny, such as "undue delay, bad faith . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012), *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The amendment would not, as the Defendant claims, be "futile," but rather would

cure the deficiencies of the complaint under the pleading standards set forth in the Federal Rules of Civil Procedure, Supreme Court precedent, and *Landers*. Additionally, the deficiencies are, in part, due to the Defendant's disregard for Court rules. However, because "[a]n amended motion supersedes an original motion" and "after amendment, the Court [treats] an original motion as nonexistent," *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), the Court will require Plaintiff to add the factual assertions in the Reply (Doc. 32 at 4) to the First Amended Complaint. Accordingly, the Plaintiff's Motion for Leave to File Amended Complaint will be granted with the addition of the factual assertions stated in her Reply.

IT IS ORDERED:

1. Plaintiff's Motion for Leave to File Amended Complaint (Doc. 28) is GRANTED.
2. Within seven (7) days of the date of this Order, Plaintiff shall file her Amended Complaint, including her factual assertions stated in Document 32.

Dated this 26th day of June, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge